UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
DEBORAH FINCH

    Plaintiff,

v.

SLOCHOWSKY AND SLOCHOWSKY, LLP,
940-950 GATES LLC,
FREDERICK CAMERATA,
EUGENE FLORES,
MICHAEL GAZAL .

    Defendants.
----------------------------------------------------------------------x

CASE NO. 19-CV-6273

COMPLAINT AND
JURY DEMAND

Plaintiff DEBORAH FINCH, by and through her attorney Brooklyn Legal Service, brings this action against Defendants SLOCHOWSKY AND SLOCHOWSKY, LLP, 940-950 GATES LLC, FREDERICK CAMERATA, EUGENE FLORES, and MICHAEL GAZAL, and alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff Deborah Finch brings this action for actual and statutory damages and injunctive relief, based on violations of the Fair Debt Collection Practices Act, 15 USC 1692, et seq. ("FDCPA"), and the N.Y. General Business Law §349 for sending false and misleading rent demands to plaintiff, and filing repeated false and misleading petitions in housing court for nonpayment of rent.

2.    Plaintiff has been subjected to five misleading rent demands and non-payment proceedings in New York City Housing Court between May 17, 2017 and November 18, 2018, in violation of the above. Defendants' failure to properly apply Ms. Finch's earmarked rental

payments to their respective months led to the filing of those non-payment proceedings, each time claiming nonpayment of the most recent months rather than the months that were actually in dispute.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction to hear this claim as it arises under the federal laws of the United States, codified at 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1331 and § 1337(a). This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

4. Venue is appropriate in the Eastern District of New York because all defendants conduct business in this district and the complained-of conduct occurred within this district.

## PARTIES

5. Plaintiff Deborah Finch is a natural person residing in Brooklyn, New York. She is the rent stabilized tenant of 940 Gates Avenue, Apt. 3E, Brooklyn, NY 11221.

6. Ms. Finch is a "consumer" within the definition of 15 USC 1692a(3).

7. Defendant Slochowsky and Slochowsky, LLP ("Slochowsky") is a domestic limited liability partnership and law firm with a principal place of business at 26 Court Street, Suite 304, and Brooklyn, NY 11242.

8. Slochowsky brings debt collection lawsuits in Brooklyn Civil Court and seeks to collect debts owed by others. Slochowsky is a debt collector because it regularly collects or attempts to collect debts owed or asserted to be owed to another. 15 USC 1692a(6).

9. 940-950 Gates LLC ("940-950 Gates LLC") is a domestic limited liability corporation with a principal place of business at 8714 116th Street, Richmond Hill, NY 11418. 940-950 Gates LLC is the owner of 940 Gates Avenue, Brooklyn, NY, the building in which plaintiff Deborah Finch is a tenant.

10. Frederick Camerata is registered with the New York City Department of Housing Preservation and Development as the "Head Officer" of 940-950 Gates LLC in direct or indirect control of the building at 940 Gates Avenue, Brooklyn, NY.

11. Eugene Flores is registered with the New York City Department of Housing Preservation and Development as the "Managing Agent" in direct or indirect control of the building at 940 Gates Avenue, Brooklyn, NY.

12. Michael Gazal is identified as an agent for the landlord in Affidavits in Support of Application for a Default Judgment & Issuance of Warrant across three of the five Housing Court cases, all of which Slochowsky & Slochowsky appeared as attorneys for petitioner

13. There is no person listed with the New York State Department of State as the "Registered Agent" of 940-950 Gates LLC.

## STATEMENT OF FACTS

14. Plaintiff Deborah Finch is the rent stabilized tenant of 940 Gates Avenue, Apt. 3E, Brooklyn, NY 11221. She has been the tenant of this apartment for over seven years. She lived there with her recently deceased sister, Barbara Mosley.

15. Ms. Finch is a messenger clerk, making about $18,000.00 per year.

16. Ms. Finch and Ms. Mosley generally paid their monthly rent prior to the end of each month. They eventually learned that their landlord, 940-950 Gates LLC, failed to credit four money orders that had actually been cashed by their landlord but not properly credited to

their account. 940-950 Gates LLC, failed to credit their earmarked payments to the correct months, and as a result repeatedly sent them misleading demands and petitions for months they had paid, rather than the months that landlord believed were outstanding.

### First Baseless Lawsuit

17. On or about May 15, 2017, 940-950 Gates LLC sent Ms. Finch a "Five Day Notice" asserting that she owed her full rent for the months of April 2017 and May 2017 at $1293.00 per month, for a total of $2,586.00. The Notice stated that if Ms. Finch "failed to make complete payment of the rent or surrender possession of the premises [by May 23, 2017], the Landlord will commence summary proceedings to recover possession of the above-referenced premises." Ms. Finch later discovered that 940-950 Gates LLC was actually seeking payment for February 2017, when it had failed to credit her earmarked money order.

18. At the time that 940-950 Gates LLC sent her the Five Day Notice, Ms. Finch had already paid her rent for April 2017. 940-950 Gates LLC had already received her money orders for April 2017 on April 17, 2017 and credited her for the April 2017 rental payment on April 24, 2017, weeks before sending the Notice. Ms. Finch's rental payment was earmarked for the respective month. Ms. Finch paid rent for May 2017 on May 30, 2017.

19. On or about May 24, 2017, Slochowsky, on behalf of 940-950 Gates LLC, commenced an eviction proceeding against Ms. Finch in Brooklyn Housing Court seeking to collect the same rent already paid and documented by copies of the rental payments stamped "received" by the building management office. The proceeding was captioned <u>940 Gates LLC v. B. Mosley, D.Finch</u>, index no. 070223-17/KI ("May 2017 case").

20. Specifically, the petition sought $2,682.00 as rent arrears for April and May and demanded $96.00 in legal fees. The petition was verified by William Slochowsky, a Partner in

Slochowsky and Slochowsky. In fact, the rent arrears claimed actually arose from the uncredited February 2017 payment, and the owner had credited rent for March and subsequent months.

21. On or about June 30, 2017, a Warrant Request, signed by Michele Slochowsky Hering, was submitted to City Marshal Gary Rose. The basis of the request was a default in non-payment proceeding. Marshal Rose's office submitted the request to the warrant clerk on or about July 7, 2017. However, the request was returned by the Kings Warrant Clerk because the "Affidavit of Merit and rent arrears" did not match.

### **Second Baseless Lawsuit**

22. On or about September 5, 2017, 940-950 Gates LLC sent Ms. Finch a "Five Day Notice" asserting that she owed $86.00 for June 2017and full rent for the months of July 2017, August 2017 and September 2017 at $1,293.00 per month for a total of $3, 965.00. The Notice stated that if Ms. Finch "failed to make complete payment of the rent or surrender possession of the premises [by September 13, 2017], the Landlord will commence summary proceedings to recover possession of the above-referenced premises."

23. At the time that 940-950 Gates LLC sent her the Five Day Notice, Ms. Finch had already paid her rent for June 2017 and July 2017. 940-950 Gates LLC had already received her money orders for June 2017 rent on June 26, 2017 and July 2017 rent on August 1, 2017. Ms. Finch earmarked her rental payments for the respective months and 940-950 Gates LLC credited her for the June 2017 rental payment on July 17, 2017 and July 2017 rental payment on August 14, 2017. The payments were received weeks before sending out the Notice. Additionally, Ms. Finch paid rent for August 2017 rent on September 8, 2017 and 940-950 Gates LLC credited her for the August 2017 rental payment on September 18, 2017.

24. On or about September 18, 2017, Slochowsky, on behalf of 940-950 Gates LLC, commenced an eviction proceeding against Ms. Finch in Brooklyn Housing Court seeking to collect the same rent already paid and documented by copies of the rental payments stamped "received" by the building management office. The proceeding was captioned <u>940 Gates LLC v. B. Mosley, D.Finch</u>, index no. 085079-17/KI ("September 2017 case").

25. Specifically, the petition sought $4,061.00 as rent arrears owed for June, July, August and September at $1,293.00 per month. The petition also demanded $96.00 in legal fees. The petition was verified by William Slochowsky, a Partner in Slochowsky and Slochowsky. In fact, the rent arrears claimed actually arose from the uncredited February 2017 payment, and the owner continued to credit the subsequent earmarked money orders to the incorrect months.

26. On or about October 27, 2017, a Warrant Affidavit, signed by Michael Gazal, stated that there was a remaining balance $2,672.00 owed. The sworn affidavit stated that "respondent has not answered this proceeding and his/her time to answer has expired as of that date, and the amount of rent owed by respondent to the petitioner was $3,965.00 not including miscellaneous charges." Marshal Rose's office submitted the request to the warrant clerk on or about November 1, 2017.

27. On or about November 1, 2017, Marshal Rose's office submitted warrant requisition to the court.

28. On November 13, 2017, a Decision and Order was entered by the court as a default judgment was granted for failure to answer the petition. However, no eviction took place.

### **Third Baseless Lawsuit**

29. On or about January 16, 2018, 940-950 Gates LLC sent Ms. Finch a "Five Day Notice" asserting that she owed $1,286.00 for December 2017 rent and $1,293.00 for January

2018 rent and a $93.00 security deposit, for a total of $2,672.00. The Notice stated that if Ms. Finch "failed to make complete payment of the rent or surrender possession of the premises [by January 29, 2018], the Landlord will commence summary proceedings to recover possession of the above-referenced premises."

30. At the time that 940-950 Gates LLC sent her the Five Day Notice, Ms. Finch had already paid her rent for December 2017. 940-950 Gates LLC had already received her money orders for December 2017 on December 14, 2017 and credited her for the December 2017 rental payment on December 21, 2017, weeks before sending the Notice. Ms. Finch paid her January 2018 and January 2018 on January 24, 2018 and credited her for the January 2018 rental payment on January 29, 2018. The January 2018 rental payment was earmarked as January rent.

31. On or about January 30, 2018, Slochowsky, on behalf of 940-950 Gates LLC, commenced an eviction proceeding against Ms. Finch in Brooklyn Housing Court seeking to collect the same rent already paid and documented by copies of the rental payments stamped "received" by the building management office. The proceeding was captioned 940 Gates LLC v. B. Mosley, D.Finch, index no. 054641-18/KI ("February 2018 case").

32. Specifically, the petition sought $1,475.00 as rent arrears for January and $93.00 a security deposit and demanded $96.00 in legal fees. The petition was verified by William Slochowsky, a Partner in Slochowsky and Slochowsky. In fact, the rent arrears claimed actually arose from the uncredited February 2017 payment, and the owner continued to credit the subsequent earmarked money orders to the incorrect months.

**Fourth Baseless Lawsuit**

33. On or about March 20, 2018, 940-950 Gates LLC sent Ms. Finch a "Five Day Notice" asserting that she owed $1,286.00 for February 2018 rent, $1, 293.00 for March 2018

rent and a $93.00 security deposit, for a total of $2,672.00.  The Notice stated that if Ms. Finch "failed to make complete payment of the rent or surrender possession of the premises [by April 02, 2018], the Landlord will commence summary proceedings to recover possession of the above-referenced premises."

34. At the time that 940-950 Gates LLC sent her the Five Day Notice, Ms. Finch had already paid her rent for February 2018.  940-950 Gates LLC had already received her money orders for February 2018 on February 20, 2018 and credited her for the February 2018 rental payment on February 26, 2018, weeks before sending the Notice. Ms.  Finch's rental payment was earmarked for the respective month. Ms. Finch paid her March 2018 rent on March 28, 2018.

35. On or about April 5, 2018, Slochowsky filed a Slochowsky, on behalf of 940-950 Gates LLC, commenced an eviction proceeding against Ms. Finch in Brooklyn Housing Court seeking to collect the same rent already paid and documented by copies of the rental payments stamped "received" by the building management office. The proceeding was captioned <u>940 Gates LLC v. B. Mosley, D.Finch</u>, index no. 062935-18/KI (" April 2018 case"). The petition was verified by William Slochowsky, a Partner in Slochowsky and Slochowsky.

36. Specifically, the petition sought $4,061.00 as rent arrears for February, March, April and $93.00 security deposit. The petition also demanded $96.00 in legal fees.  The petition was verified by William Slochowsky, a Partner in Slochowsky and Slochowsky.  In fact, the rent arrears claimed actually arose from the uncredited February 2017 and March 2018 payments, and the owner continued to credit the subsequent earmarked money orders to the incorrect months.

37. After an initial denial for a warrant of eviction, Defendants successfully obtained a warrant on July 13, 2018 due to default judgment entered against Ms. Finch.

38. However, no eviction took place.

39. Additionally, on or about August 8, 2018, Defendants obtained a money judgment in the amount of $2, 634.00 against Ms. Finch.

### Fifth Baseless Lawsuit

40. On or about October 18, 2018, 940-950 Gates LLC sent Ms. Finch a "Five Day Notice" asserting that she owed rent for the months of August 2018 at $1,286.00, September 2018 and October 2018 at $1293.00 per month and a $93.00 in security deposit. The Notice stated that if Ms. Finch "failed to make complete payment of the rent or surrender possession of the premises [by October 29, 2018], the Landlord will commence summary proceedings to recover possession of the above-referenced premises." Ms. Finch later discovered that 940-950 Gates LLC was actually seeking payment for February 2017 and March 2018, when it had failed to credit her earmarked money orders.

41. At the time that 940-950 Gates LLC sent her the Five Day Notice, Ms. Finch had already paid her rent for August 2018 and September 2018. 940-950Gates LLC had already received her money orders for August 2018 on September 9, 2018 and September 2018 on October 05, 2018.

42. On or about November 8, 2018, Slochowsky, on behalf of 940-950 Gates LLC, commenced an eviction proceeding against Ms. Finch in Brooklyn Housing Court seeking to collect the same rent already paid and documented by copies of the rental payments stamped "received" by the building management office. The proceeding was captioned <u>940 Gates LLC v. B. Mosley, D.Finch</u>, index no. 090220-18/KI ("November 2018 case").

43. Specifically, the petition sought $5,354.00 as rent arrears for August, September, October and November. The petition also included a $93.00 Security Deposit. The petition was verified by William Slochowsky, a Partner in Slochowsky and Slochowsky.

44. On or about December 4, 2018, Ms. Finch's sister, Barbara Mosley retained our office for legal representation. On January 10, 2019, Brooklyn Legal Services appeared in court on behalf of Ms. Mosley. We appeared with copies of three years-worth of earmarked money orders/checks. The majority of the money orders/checks were copied and stamped "received" by the management office. Ms. Finch and her sister tendered their rental money orders in person at the management office every month. In court, the stamped receipts were presented to Defendant Slochowsky's office, however the office would not accept without further investigation. Thus, the parties adjourned the case until February 28, 2019.

45. On February 28, 2019, in court both parties reviewed the rent ledger and all of the money orders/checks for the years of 2017 and 2018. It was determined that there were money orders that were not credited to the Plaintiff's rental account for a total of $2,586.00. Two money orders dated February 18, 2017, which was earmarked as "Feb Rent," totaling $1,293.00 and two additional money orders dated March 23, 2018, which were earmarked as "March Rent," totaling $1,293.00. Our office agreed to trace the money orders as Defendant wanted additional proof of payment.

46. On or about April 5, 2019, Plaintiff was served with a motion to restore. Prior to service of the motion, our office had mailed copies of Western Union forms to Ms. Mosley, as she was listed as the "purchaser," for her completion. She informed our office that she was going to the hospital to have a procedure but would sign the forms and return the forms to our office.

However, our office made several attempts to contact Ms. Mosley after mailing the forms, including visiting her apartment but were unsuccessful in contacting her.

47. On April 22, 2019, the return date of Defendant's motion to restore, parties agreed to adjourn Defendant's motion to May 30, 2019, for further investigation of the money orders. Thereafter, Plaintiff's counsel served a subpoena on Western Union requesting information on the status of the aforementioned money orders. Our office received a subpoena response from Western Union on May 29, 2019, which required additional information.

48. Shortly after the April court date, our office was contacted by Ms. Finch. She informed our office that her sister passed away in February 2019. Ms. Finch retained our office for continued representation in the housing court case.

49. On May 30, 2019, the parties adjourned the housing court case to June 27, 2019, for our office to respond Western Union's request.

50. On June 27, 2019, the parties settled the case as our office obtained proof from Western Union that all money orders had been cashed by Defendant 940-950 Gates LLC.

51. On August 1, 2019, our office tendered all rent owed to Defendant Slochowsky's office in court and discontinued case with prejudice to all rent owed through July 2019.

52. As a result of the five eviction cases brought by Slochowsky and 940-950 Gates LLC, the Plaintiffs were forced to appear in several times.

53. Ms. Finch and her deceased sister also suffered from stress and anxiety as a result of the false demands for rent and the court cases. All Five Day Notices demanded that she and her sister surrender their apartment or face legal action. All five court cases sought judgments of eviction. Thus, Ms. Finch and her sister lived under threat of eviction for two years.

54.     For the entire period from the first Five Day Notice in May 2017 through the final stipulation of discontinuance in August 2019, Slochowsky and 940-950 Gates LLC were in clearly in possession of the two months' worth of earmarked money orders but failed to apply them properly.  Slochowsky and 940-950 Gates LLC pursued litigation for claims that they should have known were incorrect.  Slochowsky's and 940-950 Gates LLC's actions were either deliberate attempts to collect a debt that they knew was not owed and legally could not be collected, or else stunningly careless actions taken without even the slightest review of the records in their possession.

## CLAIMS

### FIRST CAUSE OF ACTION
### Violation of the Fair Debt Collection Practices Act (Defendant Slochowsky)

55.     Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

56.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 USC 1692(e). See also Hamilton v. United Healthcare of La., Inc., 310 F.3d 385, 392 (5th Cir.2002) (holding that "Congress, through the FDCPA, has legislatively expressed a strong public policy disfavoring dishonest, abusive, and unfair consumer debt collection practices, and clearly intended the FDCPA to have a broad remedial scope"). Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st

Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance").

57. Plaintiff was a consumer as defined by 15 USC 1692a(3) because she was alleged to owe a debt.

58. Defendant Slochowsky is a debt collector under 15 USC 1692a(6) because it sends thousands of collection letters and files thousands of collection lawsuits as attorneys for plaintiffs seeking to collect alleged rental debts. As of this writing, defendant Slochowsky is litigating more than 120 currently pending Housing Court lawsuits that it commenced on behalf of landlords seeking to collect alleged rental arrears.

59. The actions of Defendants enumerated in the above statement of facts constitute an attempt to collect a debt or were taken in connection with an attempt to collect a debt within the meaning of the FDCPA.

60. Defendant Slochowsky materially violated the following sections of the FDCPA: 15 USC 1692d, 1692e, and 1692f. Defendant violated the FDCPA by taking the following actions based on 940-950 Gates LLC failure to apply the February 2017 and March 2018 earmarked rental payments to Ms. Finch's account in an attempt to collect a debt or in connection with an attempt to collect a debt:

> (i) By initiating the Housing Court proceedings, which had no legal basis and demanded payment of rent that was in fact not due and owing, Defendant Slochowsky
>
> (A) used false representations or means;
>
> (B) inaccurately represented the amount, character, or legal status of a debt;
>
> (C) took action prohibited by law for the purposes of coercing plaintiff to pay the alleged debt.

61. As a result of the above violations of the FDCPA, plaintiff suffered damages in emotional distress caused by her fear of losing her home. She is therefore entitled to a judgment against defendant Slochowsky for actual and statutory damages in an amount to be determined by the trier of fact, as well as an award of reasonable attorneys' fees and costs pursuant to the FDCPA.

## SECOND CAUSE OF ACTION
### Violation of NY General Business Law 349 (all defendants)

62. Plaintiff repeats and realleges paragraphs 1 through 36 as through fully set forth herein.

63. New York General Business Law §349(a) prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state…"

64. An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such action." N.Y. Gen. Bus. Law § 349(h). An individual may also be awarded punitive damages.

65. As enumerated above, defendants have violated N.Y. Gen. Bus. Law § 349 by using deceptive acts and practices in the conduct of their business that have broad impacts on consumers at large. This includes a pattern and practice of misrepresenting the fact and amount of rental arrears to tenants and to courts, and actively concealing the existence of prior payments, settlements, and court orders that affect rental arrears.

66. Defendants engage in this pattern and practice because it is profitable and because it would be more costly for defendants to implement systems that would accurately track rental

payments and arrears. The result is that tenants are falsely led to believe that they owe money that they do not owe, are prevented from preparing adequate responses in order to avoid or to properly defend themselves in court proceedings. Tenants may be induced to pay more than the rent they properly owe under their leases, may be liable for legal fees and costs for unnecessary litigation, and may even be evicted from their homes on the basis of fictitious rent arrears.

67. For these reasons and for the other reasons stated in the statement of facts, defendants' conduct evidences a degree of moral culpability, or is so flagrant as to transcend mere carelessness, or constitutes willful or wanton negligence to justify a punitive damage award. Defendants' wrongful acts caused injury and damages to Plaintiff.

68. As a direct and proximate result of those violations of N.Y. Gen. Bus. Law § 349 et seq, Ms. Finch suffered compensable harm and is entitled to preliminary and permanent injunctive relief, and to recover actual, treble, exemplary, and punitive damages, together with costs and attorney's fees.

## JURY DEMAND

69. Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully seeks:

a) A declaration that defendants have committed the violations of law alleged in this action;

b) An order enjoining and directing defendants to cease violating N.Y.C. Admin. Code 27-2005(d);

c) Statutory, compensatory, and/or punitive damages pursuant to 15 U.S.C. 1692k, N.Y. Gen. Bus. Law 349,

d) Treble damages and N.Y. Gen. Bus. Law 349;

  e)  A judgment for statutory, compensatory, punitive, and treble damages;

  f)  An order enjoining and directing defendants to cease violating N.Y. Gen. Bus. Law 349;

    g)  Pre- and post-judgment interest as allowed by law;

    h)  Such other and further relief as this Court may find just and proper.

DATED:  Brooklyn, New York
      November 6, 2019

Respectfully submitted,

By: /s/ Corinthia A. Carter

BROOKLYN LEGAL SERVICES
Corinthia A. Carter, Esq.
105 Court Street, 4th floor
Brooklyn, NY 11201
Phone: (347) 592-2123
Fax: (646) 859-8043
Email: ccarter@lsnyc.org