UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DEBORAH FINCH,

                Plaintiff,                            **MEMORANDUM AND ORDER**

          v.                                     19-CV-6273 (RPK)

SLOCHOWSKY AND SLOCHOWSKY, LLP,
940-950 GATES LLC, FREDERICK
CAMERATA, EUGENE FLORES, MICHAEL
GAZAL,

                Defendants.
----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

        Plaintiff Deborah Finch filed this action against defendants Slochowsky and Slochowsky, LLP ("S&S"), 940-950 Gates LLC ("Gates LLC"), Frederick Camerata, Eugene Flores, and Michael Gazal. The complaint alleges that the defendants tried to collect rent from plaintiff that she did not owe. Plaintiff is suing S&S for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and all defendants for violating the Deceptive Practices Act, New York General Business Law ("GBL") § 349. All defendants have moved to dismiss the claims against them. For the reasons that follow, I dismiss plaintiff's claims under New York's Deceptive Practices Act. I also dismiss (i) all FDCPA claims against S&S that are premised on events that happened outside the limitations period, and (ii) plaintiff's timely FDCPA claim under Section 1692d. Plaintiff may continue to pursue her remaining FDCPA claims against S&S under Sections 1692e and 1692f.

## BACKGROUND

        The following facts are drawn from the complaint and are assumed true for the purposes of this order. Plaintiff is a rent-stabilized tenant in a building owned by Gates LLC.

1

Complaint ("Compl.") ¶ 14.  Frederick Camerata, Eugene Flores, Michael Gazal, and S&S are employees or agents of Gates LLC.  *Id.* ¶¶ 10-12.  Camerata is registered with the New York City Department of Housing Preservation and Development as Gates LLC's "Head Officer." *Id.* ¶ 10.  Flores is registered as Gates LLC's "Managing Agent."  *Id.* ¶ 11.  Gazal "is identified as an agent for the landlord in [a]ffidavits" filed in lawsuits involving Gates LLC and plaintiff in Brooklyn Housing Court.  *Id.* ¶ 12.  And S&S is a law firm that serves as Gates LLC's debt collector.  *Ibid.*

Plaintiff alleges that she and her recently deceased sister generally paid their monthly rent before the end of each month.  *Id.* ¶¶ 14, 16.  On each rent payment check, the sisters would designate the month to which they intended the payment to be credited.  *Id.* ¶ 16.  But from early 2017 until late 2019, Gates LLC failed to credit multiple rent payments that it received and cashed.  *Id.* ¶ 54.  Gates LLC's failure to credit these rent payments created a cycle of misapplied rent payments and debt collection lawsuits.  Each month, plaintiff would tender rent earmarked for the present month (*e.g.*, July 2017), but Gates LLC would instead apply the payment to cover back rent it believed was owed for a prior month (*e.g.*, June 2017).  *Id.* ¶¶ 54, 60.

Gates LLC's debt collector S&S ultimately initiated five lawsuits between 2017 and 2019 seeking to collect rent from plaintiff that had already been paid in part.  *Id.* ¶¶ 19, 24, 31, 35, 42. These lawsuits were filed on (i) May 24, 2017, (ii) September 18, 2018, (iii) January 30, 2019, (iv) April 5, 2018, and (v) November 8, 2018.  *Ibid*.  The first, second, and fourth of these lawsuits terminated with a default judgment against plaintiff.  *Id.* ¶¶ 21, 28, 37.  It is unclear from the Complaint how the third lawsuit resolved.  And the final lawsuit was resolved by the parties with a settlement that "discontinued [the] case with prejudice to all rent owed through

July 2019." *Id*. ¶¶ 50-51.  At no point does it appear plaintiff was evicted from her apartment. *See id*. ¶¶ 28, 38.

Plaintiff filed this action under the FDCPA and the N.Y. GBL on November 6, 2019. She alleges that S&S violated Sections 1692d, 1692e, and 1692f of the FDCPA by initiating legal proceedings that "had no legal basis and demand[ing] payment of rent that was in fact not due and owing." *Id*. ¶ 60; *see id*. ¶¶ 55-61.  She also alleges that all defendants violated N.Y. GBL § 349, which prohibits "deceptive acts or practices in the conduct of" any business. *Id*. ¶ 63; *see id*. ¶¶ 62-68.  She argues that defendants violated that statute through "a pattern and practice of misrepresenting the fact and amount of rental arrears to tenants and to courts," and by "actively concealing the existence of prior payments, settlements, and court orders that affect rental arrears." *Id*. ¶ 65.

Defendants have moved to dismiss the complaint.  *See* Dkt. No. 25; Dkt. No. 29.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*. (quotations omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted).

At the motion to dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007), *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004), *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999). When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678-79.

## DISCUSSION

**I.    Plaintiff's FDCPA Claims**

The FDCPA "authorizes private civil actions against debt collectors who engage in certain prohibited practices." *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019). To state a claim under that statute, a plaintiff generally must plead that (i) the plaintiff is a "consumer," (ii) the defendant is a "debt collector," and (iii) the defendant committed an act or omission that amounts to a violation of the FDCPA. *See, e.g.*, *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017), *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 522, 529 (S.D.N.Y. 2013). S&S does not dispute that plaintiff is a consumer and it is a debt collector for the purposes of the FDCPA. But it argues that most of the conduct plaintiff challenges falls outside the FDCPA's one-year statute of limitations, *see* 15 U.S.C. § 1692k(d), that plaintiff has not adequately pleaded a FDCPA violation based on the remaining conduct, and that plaintiff's FDCPA claims are barred by *res judicata*. As explained below, only plaintiff's FDCPA claims arising out of S&S's fifth lawsuit are timely. Some—but not all—of plaintiff's FDCPA claims

4

based on that lawsuit are adequately pleaded for the motion-to-dismiss stage. And *res judicata* does not bar any of plaintiff's FDCPA claims.

### A. Four of S&S's Five Debt-Collection Efforts Fall Outside the FDCPA's Statute of Limitations

Plaintiff's claims based on all but the last of S&S's debt-collection lawsuits are time-barred. The FDCPA provides that a plaintiff must bring a suit based on a FDCPA violation "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "When interpreting limitations provisions, as always," a court must "begin by analyzing the statutory language." *Rotkiske*, 140 S. Ct. at 360. If that language is "unambiguous," the inquiry ends. *Ibid.* If "there are two plausible constructions of a statute of limitations," a court should "generally 'adopt the construction that starts the time limit running when the cause of action accrues.'" *Ibid.* (quoting *Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418-419 (2005)). Applying those principles to the FDCPA, the Supreme Court in *Rotkiske* observed that Section 1692k(d) "unambiguously sets the date of the violation as the event that starts the one-year limitations period." *Ibid.* The Court further explained that at the time of the FDCPA's enactment, "violation" referred "to the '[a]ct or instance of violating, or state of being violated,'" and "'occur' meant 'to happen,'" or "'that which is thought of as definitely taking place as an event.'" *Ibid* (citations omitted). Taking these definitions together, the Court concluded that "[t]he FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened." *Ibid.* Under these principles, plaintiff may proceed under the FDCPA against S&S only on her claims relating to the fifth lawsuit that S&S filed. The fifth lawsuit concluded less than a year before plaintiff commenced this action, but the other four lawsuits all appear to have concluded more than a year before this lawsuit began. Compl. ¶¶ 21, 28, 32, 39, 51. While plaintiff suggests that S&S committed

5

multiple "violations" of the FDCPA by filing multiple eviction actions, *id.* ¶ 61, she offers no argument as to why claims based on those early actions would be timely.

### B. Plaintiff States a FDCPA Claim Based on Her Allegations Regarding the Fifth Lawsuit

S&S disputes whether plaintiff has pleaded acts or omissions amounting to a violation of the FDCPA through her allegations that S&S filed lawsuits without legal basis to seek payment of rent that plaintiff did not actually owe. As explained below, these allegations do not state a violation of the FDCPA's prohibition on "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d. Plaintiff has, however, adequately pleaded a violation of the FDCPA's prohibitions on making any "false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1962e, and using "unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

#### 1. Plaintiff Has Failed to Allege a Violation of Section 1692d

The complaint does not adequately plead a violation of Section 1692d of the FDCPA, which prohibits "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692d provides a non-exhaustive list of acts that violate this prohibition:

> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
>
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of Section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.

6

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided in Section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

*Ibid*.

The filing of a lawsuit to collect a debt—even if the lawsuit is meritless—is not properly understood as "conduct the natural consequence of which is to harass, oppress, or abuse any person" under this provision. 15 U.S.C. § 1692d. The statute's examples of qualifying acts all involve "oppressive and outrageous conduct," *Rojas v. Forster & Garbus LLP*, No. 13-CV-02825 DLI RER, 2014 WL 3810124, at *3 (E.D.N.Y. July 31, 2014) (quotations omitted)—that is, "extrajudicial techniques of harassment designed to humiliate or annoy a debtor," *Okyere*, 961 F. Supp. 2d at 520. Under the principle of *noscitur a sociis*—"that statutory words are often known by the company they keep," *Lagos v. United States*, 138 S. Ct. 1688-89 (2018)—the statutory examples counsel against reading Section 1692d to reach to the dissimilar category of "[s]ituations involving improper litigation conduct." *Okyere*, 961 F. Supp. 2d at 520. Accordingly, courts in this Circuit have declined to find a violation of Section 1692d when defendants filed a debt collection lawsuit in state court, *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011), demanded an increased payment in violation of the terms of a settlement, *Rojas*, 2014 WL 3810124 at *3; or failed to comply with court orders during litigation, *Okyere*, 961 F. Supp. 2d at 521; *see Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330 (6th Cir. 2006) (affirming holding that "filing of a lawsuit is not the kind of conduct that was intended to be covered by Section 1692d"); *cf. Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (noting that "the filing of a lawsuit does not have the natural consequence of harassing, abusing, or oppressing a debtor"). Plaintiff offers no contrary

authority. While plaintiff's complaint may therefore state a violation for other FDCPA provisions, it does not state a claim under Section 1692d.

### 2. Plaintiff Has Stated a Claim Under Section 1692e

Plaintiff has stated a claim under Section 1692e of the FDCPA, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1962e. Like Section 1692d, this section lists several examples of violative conduct. One example is the false representation of the character, amount, or legal status of any debt. 15 U.S.C. § 1692e(2)(A). The Second Circuit has interpreted Section 1692e as proscribing "even a partial misstatement of a consumer's debt obligation." *Vangorden v. Second Round, L.P.*, 897 F.3d 433, 442 (2d Cir. 2018) (discussing plaintiff's claims under Sections 1692e and 1692f).

Here, S&S argues plaintiff failed to state a claim because she "has not alleged the specific transactions at issue with respect to the Fifth Action, the content of the demands, or when exactly she purportedly paid the debts sought in the underlying Housing Court Actions." S&S's Mem. of L. in Supp. of S&S's Mot. to Dismiss ("S&S Mem.") at 8 (Dkt. #25). But plaintiff provides precisely these details in her complaint—she alleges that (i) S&S filed a petition in Housing Court on November 8, 2018 seeking "$5,354.00 as rent arrears for August, September, October and November," Compl. ¶¶ 42-43; and (ii) it was later determined that S&S had failed to credit her "[t]wo money orders dated February 18, 2017, which [were] earmarked as 'Feb Rent,' totaling $1,293.00 and two additional money orders dated March 23, 2018, which were earmarked as 'March Rent, totaling $1,293.00," *Id.* ¶ 45. In the alternative, S&S argues without citing legal authority that plaintiff's pleadings are inadequate because plaintiff has not disputed that she still owed *some* of the rent that S&S sought. S&S's Reply Mem. of L. in Supp. of S&S's Mot. to Dismiss ("S&S Reply Mem.") at 1-2. This argument is also meritless, however,

8

because Section 1692e proscribes "even a partial misstatement of a consumer's debt obligation." *Vangorden*, 897 F.3d at 442. Plaintiff has therefore adequately stated a claim under 15 U.S.C. § 1692e.

### 3. Plaintiff Has Stated a Claim Under Section 1692f

Plaintiff has stated a claim under Section 1692f of the FDCPA, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Second Circuit has explained that a plaintiff states a claim under Section 1692f(1) "by pleading that defendant attempted to collect an amount not authorized by agreement or permitted by law." *Vangorden*, 897 F.3d at 438 (citing 15 U.S.C. § 1692f(1)). Once those allegations are pled, the plaintiff does not need to plead any "further allegations of unfairness or unconscionability." *Ibid.* Here, S&S principally argues that plaintiff has failed to allege S&S used "unfair or unconscionable means" to collect a debt, citing precedent for the notion that filing a Housing Court proceeding is not "in and of itself unfair or unconscionable." S&S Mem. 8-9 (Dkt. #25) (quotations omitted). But plaintiff pleads not only that S&S sued her in Housing Court, but also that S&S's fifth lawsuit sought to collect from her at least two months of rent that Gates LLC had already received. Compl. ¶ 45. That attempt to collect debt not owed would, if substantiated, constitute a violation of Section 1692f(1). Plaintiff has therefore adequately stated a claim under 15 U.S.C. § 1692f.

### 4. Plaintiff Is Not Required to Allege Compensatory Damages Under the FDCPA

S&S argues that plaintiff fails to state any claim under the FDCPA because she has not adequately alleged compensatory damages. *See* S&S Mem. at 10 (Dkt. #25); "S&S Reply Mem. at 2 (Dkt. #31). This argument is inapposite because the FDCPA does not require plaintiffs to allege compensatory damages. Plaintiffs may seek under the FDCPA not only actual damages,

9

but also "'additional damages' not to exceed $1,000, and reasonable costs and attorney's fees." *Clomon v. Jackson*, 988 F.2d 1314, 1322 (2d Cir. 1993) (quoting 15 U.S.C. § 1692k(a)). A plaintiff may prevail on a FDCPA claim without receiving, or even requesting, actual damages. *See, e.g.*, *id.* at 1322-23 (upholding district court's award of statutory damages under the FDCPA without an award of actual damages). Thus, plaintiff's allegations of damages have no bearing on the viability of her FDCPA claims under Federal Rule of Procedure 12(b)(6).

### C. *Res Judicata* Does Not Bar Plaintiff's FDCPA Claims

S&S argues that all of plaintiff's FDCPA claims are barred by *res judicata* because plaintiff could have raised those claims when she was sued in Housing Court. S&S Mem. at 4 (Dkt. #25). Under the doctrine of *res judicata*, a plaintiff's claims are barred as a matter of law by a previous action when: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks, brackets, and citations omitted). *Res judicata* applies only to compulsory counterclaims, not to permissive counterclaims. *Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697, 702 (2d Cir. 2000) ("The fact that [a claim] might have been asserted as a counterclaim in the prior suit . . . does not mean that the failure to do so renders the prior judgment *res judicata* as respects it.").

Here, S&S has failed to satisfy the second prong of the *res judicata* test. As the law firm for plaintiff's landlord, *see* Compl. ¶ 12, S&S does not appear to have been a party to the Housing Court eviction proceedings against plaintiff. Accordingly, there is no basis to conclude that plaintiff would have been required to raise FDCPA counterclaims in Housing Court proceedings against S&S. *See Cousins v. Duane St. Assocs.*, 7 F. App'x 85 (2d Cir. 2001) ("[W]e do not understand New York preclusion law to require a defendant in a summary

nonpayment proceeding brought by his landlord to initiate third-party practice against the landlord's attorneys in order to preserve claims under the FDCPA."); *Lautman v. 2800 Coyle St. Owners Corp.*, No. 14-CV-1868 ARR VVP, 2014 WL 4843947, at *8 (E.D.N.Y. Sept. 26, 2014) ("There is no basis to conclude that plaintiff would have been required to raise FDCPA counterclaims in the Housing Court proceeding against the [landlord's attorneys], who were not parties to that action.").

## II. Plaintiff's Claims Under N.Y. GBL § 349

N.Y. GBL § 349 outlaws "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." N.Y. GBL § 349(a). To state a claim under this provision, a plaintiff must allege that (i) that the defendant engaged in consumer-oriented conduct, (ii) the defendant's conduct was materially misleading, and (iii) the plaintiff was injured as a result of the defendant's conduct. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017).

Plaintiff has failed to state a claim under this provision because she has not alleged "consumer-oriented conduct." *Ibid.* The "critical question" in determining whether a defendant engaged in "consumer-oriented conduct" is "whether the matter affects the public interest in New York, not whether the suit is brought by a consumer." *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995). A plaintiff "must demonstrate that the acts or practices" at issue in a case "have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995). In contrast, "[p]rivate contract disputes, unique to the parties," do "not fall within the ambit of the statute." *Ibid.* Courts have found plaintiffs to raise adequate allegations of consumer-oriented conduct through allegations that defendants (i) filed fraudulent debt collection lawsuits against thousands of New York consumers, *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 700 (S.D.N.Y.

11

2015); (ii) used subterfuge to prevent competitors from entering a pharmaceuticals market, *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp. 2d 198, 228 (S.D.N.Y. 2012); and (iii) manipulated public stamp auctions, *New York v. Feldman*, 210 F. Supp. 2d 294, 301 (S.D.N.Y. 2002). By contrast, courts have rejected tenants' attempts to bring Section 349 claims against their landlords arising out of private and unique landlord-tenant transactions. *See, e.g.*, *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, 2018 WL 2247206, at *8 (S.D.N.Y. May 16, 2018) (collecting cases); *Lautman v. 2800 Coyle St. Owners Corp.*, No. 13-CV-967 ARR VVP, 2014 WL 2200909, at *7-8 (E.D.N.Y. May 23, 2014) (dismissing claim under GBL § 349 when plaintiff's allegations regarding a housing court proceeding did not involve "the deceptive consumer-oriented type of conduct targeted by the statute").

Plaintiff has not adequately pleaded a Section 349 claim under these principles. Plaintiff's complaint centers on a "private contract dispute," *Oswego*, 85 N.Y.2d at 25, over plaintiff's rent payments and eviction lawsuits that stemmed from alleged failure to credit such payments. Compl. ¶¶ 17, 22, 29, 33, 40, 54. Plaintiff conclusorily asserts a broader "pattern and practice of misrepresenting the fact and amount of rental arrears to tenants and to courts, and actively concealing the existence of prior payments, settlements, and court orders that affect rental arrears." *Id.* ¶ 65. But she sets out no factual allegations to support that claim. The closest she comes is her allegation that S&S "is litigating more than 120 currently pending Housing Court lawsuits that it commenced on behalf of landlords seeking to collect alleged rental arrears." Compl. ¶ 58. But there is nothing inherently inappropriate about a debt collector suing tenants for rental arrears. And plaintiff's allegation regarding the number of eviction actions filed by a law firm, without more, does not enable a court to "draw the reasonable inference" that defendants are engaged in a pattern of misconduct involving other tenants. *Iqbal*,

556 U.S. at 678. In sum, plaintiff's allegations of consumer-oriented activity do not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## CONCLUSION

I dismiss without prejudice (i) plaintiff's FDCPA claims against S&S pertaining to all but the final lawsuit described in the Complaint; (ii) plaintiff's remaining claim against S&S under Section 1692d of the FDCPA; and (iii) plaintiff's claims against all defendants under GBL § 349. Plaintiff has 30 days to amend her complaint if she desires to do so. Plaintiff may continue to pursue her claims against S&S under Sections 1692e and 1692f of the FDCPA. The Clerk of Court is directed to amend the case caption to reflect the dismissal from this action of Gates LLC, Frederick Camerata, Eugene Flores, and Michael Gazal.

SO ORDERED.

                                                RACHEL P. KOVNER
                                                United States District Judge

Dated: September 30, 2020
       Brooklyn, New York